IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELSON SAINTE, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:10-CV-1637-TWT-WEJ |
| SUNTRUST MORTGAGE, INC., | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff pro se filed this action [1] on May 27, 2010, naming Suntrust Mortgage, Inc., as defendant and alleging numerous causes of action in connection with a mortgage transaction. Plaintiff has not filed proof of service or waiver of service with the Court. Further, on July 13, 2010, plaintiff filed a Notice of Removal and Federal Stay Pursuant to 28 USCA 1446(D) [2]. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED** and that plaintiff's separate state court action be **REMANDED** to the Magistrate Court of Gwinnett County.

## I. **PLAINTIFF'S COMPLAINT**

In an Order [3] dated July 27, 2010, this Court directed plaintiff to replead his Complaint, setting forth specific facts supporting each cause of action.[1] In response to that Order, plaintiff filed a Petition for Declaratory Judgment [4], which the Court construes as an amended complaint. However, plaintiff's Petition fails to satisfy the pleading standards set forth in the July 27, 2010 Order.[2]

---

[1] In its discussion of shotgun pleadings, the Court observed that plaintiff filed a pro forma complaint that is widely available on the internet, see, e.g., http://mariokenny.wordpress.com/category/nature-of-the-action-by-neil-garfield/, and frequently filed in this Court. See, e.g., Dan v. Bank of America, No. 1:10-cv-581-CAP (N.D. Ga. filed Mar. 1, 2010); Myers v. Countrywide Home Loans, No. 1:10-cv-0536-JEC (N.D. Ga. filed Feb. 25, 2010); Clark v. Wells Fargo Bank N.A., No. 1:09-cv-2742-CAP (N.D. Ga. filed Oct. 2, 2009); McGrue v. Wells Fargo Bank N.A., No. 1:09-cv-2733-CAP (N.D. Ga. filed Oct. 2, 2009).

[2] Plaintiff alleges that he has made mortgage payments to defendant, but that defendant "is neither the holder in due course of the note nor the owner of any rights under the mortgage provisions of the deed of trust," and that plaintiff "has every reason to believe that his payments are not being forwarded to the holder in due course." (Pet. ¶¶ 5-6.) Plaintiff further alleges that the securitization of his mortgage loan exposes him to liability to "potentially dozens or even thousands of third parties [that] could come forward claiming an unsatisfied interest in the promissory note." (Id. ¶ 7.) As a result of plaintiff's inability to establish chain of title to his property, he "is left in the position of being in an adversary proceeding with ghosts." (Id. ¶ 13.) Plaintiff alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq., the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and a state law claim for quiet title. (Pet. ¶¶ 17-43.)

As previously noted by this Court, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009), the Supreme Court summarized the plausibility standard as follows:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Id. at ___, 129 S. Ct. at 1949-50 (quoting Fed. R. Civ. P. 8(a)(2)).  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at ___, 129 S. Ct. at 1949.

Here, plaintiff's amended pleading fails to include factual allegations sufficient to raise a right to relief above the speculative level. See Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).  Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED**. See Driessen ex rel B.O. v. Fla. Dept. of Children & Families, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming district court's sua sponte dismissal under Rule 8(a) for failure to state a claim); Anderson v. Vanguard Car Rental USA, Inc., 304 F. App'x 830, 832 (11th

3

Cir. 2008) (per curiam) (affirming Rule 12(b)(6) dismissal of pro se complaint where "the district court found that on the facts, as alleged, it appeared that [the plaintiff] would be unable to state a cause of action by amending the complaint").

## II.  PLAINTIFF'S NOTICE OF REMOVAL

In its July 27, 2010 Order, the Court noted that although plaintiff has attempted to remove a dispossessory action from the Magistrate Court of Gwinnett County, that removal is improper because this Court lacks subject matter jurisdiction. The Court directed the Clerk to remand the state court action to the Magistrate Court of Gwinnett County if no objections were filed. Although plaintiff's Petition does not object to that directive, the state court action has not been remanded. Therefore, the Court construes plaintiff's filing as an objection to remand and restates its previous discussion.

Pursuant to 28 U.S.C. § 1446(c)(4), this Court must remand any action which has been improperly removed:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

4

Accordingly, the Court must examine the Notice of Removal to determine whether this action has been properly removed to this Court. In order for removal to be proper, plaintiff (defendant in the state court action) must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332. Plaintiff has not alleged in the Notice of Removal that this action is removed to this Court on the basis of diversity jurisdiction, but instead alleges that the action is removable on the basis of federal question jurisdiction.

The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13, 57 S. Ct. 96, 97-98 (1936); Anderson v. Household Fin. Corp., 900 F. Supp. 386, 388 (M.D. Ala. 1995). A defendant ordinarily may not invoke federal question jurisdiction by raising a defense or counterclaim under federal law unless the face of the plaintiff's complaint demonstrates that a federal question exists. See Bd. of Educ. v. AFSCME, 401 F. Supp. 687, 690 (N.D. Ga. 1975); Federal Land Bank of

5

Columbia v. Cotton, 410 F. Supp. 169, 170 (N.D. Ga. 1975); see also Milligan v. Milligan, 484 F.2d 446, 447 (8th Cir. 1973).

In the instant action, the only document attached to the Notice of Removal is a copy of the Dispossessory Proceeding in the Magistrate Court of Gwinnett County. That document indicates no federal question, and it appears that Mr. Sainte has attempted to invoke federal question jurisdiction solely on the basis of a defense or counterclaim. Under the "well-pleaded complaint" rule, the Court finds that plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over this dispossessory action. Thus, this action must be remanded pursuant to 28 U.S.C. § 1446(c)(4).

Accordingly, because plaintiff has failed to demonstrate any lawful basis for removal of the action to this Court, **IT IS RECOMMENDED** that Magistrate Case No. 10-M-21730 be **REMANDED** to the Magistrate Court of Gwinnett County.

### III.   CONCLUSION

In sum, plaintiff's amended pleading fails to state a claim upon which relief may be granted. Consequently, the undersigned **RECOMMENDS** that plaintiff's Petition for Declaratory Relief [4] be **DENIED** and that this action be **DISMISSED**.

AO 72A
(Rev.8/82)

The undersigned further **RECOMMENDS** that the Court direct the Clerk to **REMAND** Magistrate Case No. 10-M-21730 to the Magistrate Court of Gwinnett County.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of September, 2010.

_/s/ Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHELSON SAINTE,

    Plaintiff pro se,

v.

SUNTRUST MORTGAGE, INC.,

    Defendant.

CIVIL ACTION FILE

NO. 1:10-CV-1637-TWT-WEJ

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen days of the receipt of this Order.  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Final Report and

AO 72A
(Rev.8/82)

Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 14th day of September, 2010.

*Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)